FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 15, 2018

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JERRIANNE D., | No. 1:17-CV-3121-FVS |
|                 Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
|     vs. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
|                 Defendant. | |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 13 and 14. This matter was submitted for consideration without oral argument. The plaintiff is represented by Attorney D. James Tree. The defendant is represented by Special Assistant United States Attorney Ryan Ta Lu. The Court has reviewed the administrative record, the parties' completed briefing, and is fully informed. For the reasons discussed below, the court

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

**GRANTS** Plaintiff's Motion for Summary Judgment, ECF No. 13, and **DENIES** Defendant's Motion for Summary Judgment, ECF No. 14.

### JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

### STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."  *Id.*  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant

numbers in the national economy."  20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Jerrianne D.[1] (Plaintiff) applied for supplemental security income and disability insurance benefits on January 17, 2014, alleging an onset date of July 10, 2013.  Tr. 179-80.  Benefits were denied initially, Tr. 112-15, and upon reconsideration.  Tr. 121-28.  Plaintiff appeared for a hearing before an administrative law judge (ALJ) on November 20, 2015.  Tr. 34-85.  On January 21, 2016, the ALJ denied Plaintiff's claim.  Tr. 15-33.

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since January 17, 2014, the application date.  Tr. 20.  At step two, the ALJ found that Plaintiff has the following severe impairments:  colitis, asthma, depressive disorder, anxiety disorder, and personality disorder.  Tr. 20.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 21.  The ALJ then concluded that Plaintiff has the RFC

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

to perform medium work as defined in 20 CFR 416.967(c) except she can lift and or carry 50 pounds occasionally and 25 pounds frequently; she can stand and or walk about 6 hours a day with normal breaks in an 8-hour workday; she can sit about 6 hours a day with normal breaks in an 8-hour workday; she is limited to occasional exposure to extreme cold, wetness, atmospheric conditions, and hazards; she is able to remember, understand, and carry out instructions and tasks generally required by occupations with an SVP of 1-2; she is able to make adjustment to work setting changes with an SVP of 1-2; she is limited to infrequent superficial interaction with the general public; she is limited to occasional interaction with coworkers or supervisors; job tasks should be able to be completed without the assistance of others but occasional assistance would be tolerated; and work should be performed in the presence of 25 or less people.

Tr. 22. At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. Tr. 27. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: assembler production; cleaner housekeeping; and packing line worker. Tr. 28. The ALJ concluded Plaintiff has not been under a disability, as defined in the Social Security Act, since January 17, 2014, the date the application was filed. Tr. 29.

On May 11, 2017, the Appeals Council denied review, Tr. 1-7, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

/ / /

/ / /

/ / /

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 13. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ improperly considered the medical opinion evidence;

2. Whether the ALJ improperly discredited Plaintiff's symptom claims; and

3. Whether the Appeals Council erred by failing to consider new evidence.

**DISCUSSION**

**A. Medical Opinions**

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir.2001)(citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir.2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

providing specific and legitimate reasons that are supported by substantial

evidence." *Id.* (citing *Lester,* 81 F.3d at 830–831). "However, the ALJ need not

accept the opinion of any physician, including a treating physician, if that opinion

is brief, conclusory and inadequately supported by clinical findings." *Bray v.*

*Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009) (quotation and

citation omitted). Plaintiff argues the ALJ erroneously considered the opinions of

examining psychiatrist C. Donald Williams, M.D., and treating physician John

Lyzanchuk, D.O. ECF No. 13 at 4-13.

### 1. *C. Donald Williams, M.D.*

In May 2014, Dr. Williams examined Plaintiff and opined that Plaintiff had

"at most mild" limitations in her ability to understand and remember short and

simple instructions, and detailed instructions; no limitation in her ability to carry

out very short and simple instructions; mild limitations in her ability to ask simple

questions or request assistance; and mild limitations in her ability to make simple

work-related decisions. Tr. 388-89. Dr. Williams additionally opined that Plaintiff

is markedly limited in her ability to: carry out detailed instructions; maintain

attention and concentration for extended periods; perform activities within a

schedule, maintain regular attendance, and be punctual within customary

tolerances; sustain an ordinary routine without special supervision; complete a

normal workday and workweek without interruptions from psychologically-based

symptoms; and interact with the general public.  Tr. 389.  Finally, the ALJ found

Plaintiff

> has demonstrated an inability to work in coordination with others and in proximity to others without being distracted by them.  [S]he has been fired from multiple jobs because of conflicts with coworkers and supervisors. . . .  She is not able to respond appropriately to criticism from supervisors . . . She displays behavioral extremes and is unable to get along with coworkers.  She does not maintain socially appropriate behavior.  Historically she has not been able to adapt appropriately to changes in the work setting.  She appears able to use public transportation and travel to unfamiliar places.  She is not able to set realistic goals and make plans independently.

Tr. 389.  The ALJ gave Dr. Williams' opinion some weight overall.  Tr. 29-30.

Because Dr. Williams' opinion was contradicted by Beth Fitterer, Ph.D., Tr. 93-94,

the ALJ was required to provide specific and legitimate reasons for rejecting

portions of Dr. Williams' opinion.  *Bayliss*, 427 F.3d at 1216.

Here, the ALJ gave "little weight" to Dr. Williams' "assessed marked

limitations in maintaining concentration, regular attendance, and completing a

normal workday because it is contrary to the medical evidence."  Tr. 26.  However,

as noted by the ALJ, "[m]ental status exams are generally within normal limits."

Tr. 26.  It was proper for the ALJ to consider inconsistency between Dr. Williams'

opinion that Plaintiff was markedly limited in her ability to maintain concentration

and complete a normal workday; and benign findings in the record as a whole.  *See*

*Orn*, 495 F.3d at 631.  Moreover, the ALJ found Plaintiff's "activities demonstrate

an ability to understand, remember and carry out simple tasks," and noted that

Plaintiff "maintained a regular schedule and routine in caring for her daughter." Tr. 26. In support of this finding, the ALJ cited activities, including Plaintiff's ability to be independent in her personal care, serve as primary caretaker for her daughter, do chores, use public transportation, and regularly attend medical visits. Tr. 26, 58, 62-70, 210-13, 388. The ALJ may discount Dr. Williams' opinion regarding Plaintiff's ability to maintain a regular schedule and routine because it is inconsistent with Plaintiff's reported functioning. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999).

However, as argued by Plaintiff, the ALJ failed to consider Dr. Williams' assessment that Plaintiff is not able to respond appropriately to criticism by supervisors; is unable to get along with coworkers; and does not maintain socially appropriate behavior. ECF No. 13 at 11-12 (citing Tr. 26, 389). In addition, the ALJ failed to consider Dr. Williams' opinion that Plaintiff is markedly limited in her ability to interact with the general public; and is not able to set realistic goals and make plans independently. *See* Tr. 26, 389. Defendant argues "a reading of the ALJ's decision shows that he intended to reject Dr. Williams' opinion of social limitations, even if the decision does not explicitly state so." ECF No. 14 at 19-20. In support of this argument, the Defendant cites the ALJ's single "mention" of Dr. Williams' opined limitations regarding Plaintiff's inability to work "in coordination with others." Tr. 26.

Defendant is correct that the Court must "uphold [the ALJ's decision] if the agency's path may reasonably be discerned." ECF No. 14 at 20 (citing *Molina*, 674 F.3d at 1121). However, "[a]lthough the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015); *see also Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (ALJ need not discuss all evidence presented, but must explain why significant probative evidence has been rejected). Here, the ALJ failed to even mention, much less offer specific and legitimate reasons, for discounting Dr. Williams' opinion concerning Plaintiff's ability to interact with coworkers, supervisors, and the general public; maintain socially appropriate behavior; set realistic goals; and plan independently. Thus, the ALJ erred in failing to evaluate this probative evidence, and further, this error cannot be considered harmless, because while the ALJ did include some limitations on Plaintiff's ability to interact with the general public, supervisors, and coworkers, the Court is unable to discern whether the severe limitations opined by Dr. Williams were properly accounted for in the assessed RFC and resulting hypothetical. *See Stubbs–Danielson v. Astrue,* 539 F.3d 1169, 1174 (9th Cir.2008) (finding harmless error when the ALJ's hypothetical properly incorporated limitations consistent with those identified in medical testimony); *see also Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (error harmless

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

where it is non-prejudicial to claimant or irrelevant to ALJ's ultimate disability conclusion). On remand, the ALJ should reevaluate Dr. Williams' opinion, including the opined limitations on ability to interact with coworkers, supervisors, and the general public; maintain socially appropriate behavior; set realistic goals; and plan independently.

### 2. John Lyzanchuk, D.O.

As noted by the ALJ, the record includes multiple opinions from treating physician Dr. Lyzanchuk that "range from undetermined if permanent impairment and permanent impairment to severely limited to capable of light exertion activities." Tr. 26. Specifically, during the relevant adjudicatory period, Dr. Lyzanchuk opined as follows: in July 2013 Plaintiff was restricted to light duty for one week (Tr. 400); in July 2013 he opined that Plaintiff was severely limited, defined as unable to lift at least 2 pounds or unable to walk, for an "undetermined" period of time (Tr. 403); in October 2013 he opined that Plaintiff was able to do light work for an "undetermined" period of time, but also checked a box stating Plaintiff was unable to participate in work activity (Tr. 406-07); in January 2014 he opined that Plaintiff was able to do light work on a permanent basis, and was able to participate in work activity 11-20 hours per week (Tr. 412-13); in May 2014 he opined that Plaintiff was able to do light work on a permanent basis, but also checked a box indicating she was unable to participate in work activity (Tr. 416-17); and in April 2015 he opined that Plaintiff was unable to participate in work

activity, and did not opine as to lifting and carrying restrictions (Tr. 421).  Dr. Lyzanchuk consistently noted that Plaintiff needed to be close to the restroom.  Tr. 26, 407, 413, 417, 421.  The ALJ considered Dr. Lyzanchuk's opinions together, and gave them little weight.  Tr. 26.  Because Dr. Lyzanchuk's opinions were contradicted by Gordon Hale, M.D., Tr. 105-06, the ALJ was required to provide specific and legitimate reasons for rejecting Dr. Lyzanchuk's opinion.  *Bayliss*, 427 F.3d at 1216.

Here, the ALJ found that Dr. Lyzanchuk "provides no objective medical evidence in support of any of the opinions, which undercuts the reliability of his opinions.  In addition, his opinions of severe/permanent totally disabling limitations are inconsistent with the record.  Despite [Plaintiff's] reports of chronic diarrhea and abdominal symptoms, [Plaintiff] has minimal objective findings in the record."  Tr. 26.  "[A]n ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, or by objective medical findings."  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

First, Plaintiff contends that Dr. Lyzanchuk's treatment notes "provided the objective evaluations and testing as the basis for his opinion."  ECF No. 13 at 7-9 (citing Tr. 311, 512-14, 604, 612, 616).  However, while Plaintiff cites evidence that objective testing such as imaging, biopsy, and lab tests were performed during the adjudicatory period, she fails to offer evidence that these test results were

"provided" by Dr. Lyzanchuk in support of his opinions. In fact, Dr. Lyzanchuk's opinions consistently highlighted "specific issues that need further evaluation or assessment." Tr. 404, 408, 414, 418, 422.

Second, Plaintiff argues this reasoning "fails to accurately reflect the record," and cites "objective evidence" including: anal fissure diagnosis, acute ascending colitis, mild to moderate ascites in the pelvis, diverticula, positive C dificile, blood in her urine, tender abdomen, and significant weight loss. ECF No. 13 at 9 (citing Tr. 300, 310, 351, 357, 501, 503, 511, 551). However, as noted in the decision, the ALJ noted minimal and largely benign objective findings despite Plaintiff's ongoing complaints of abdominal pain and diarrhea, including but not limited to: an April 2013 CT scan that showed no clear signs of ulcerative colitis, Crohn's disease, or diverticulitis; an October 2014 CT of abdomen/pelvis, images of the colon, and stool markers that did not confirm inflammatory diarrhea and found no evidence of celiac disease; August 2015 mucosal biopsies in the colon that showed no inflammatory changes to suggest colitis; normal gallbladder ultrasound and normal Lipase in July 2013; and normal labs in August 2013. Tr. 23-24 (citing Tr. 356, 366, 376, 543, 555).

Based on the foregoing, and regardless of evidence that could be interpreted more favorably to Plaintiff, it was reasonable for the ALJ to find Dr. Lyzanchuk's opinions were inconsistent with the overall medical evidence of record. *See Burch*, 400 F.3d at 679 (where evidence is susceptible to more than one interpretation, the

ALJ's conclusion must be upheld). These were specific and legitimate reasons for the ALJ to give Dr. Lyzanchuk's opinions little weight. Regardless, in light of the need to reconsider Dr. Williams' opinion, the ALJ should reexamine all of the medical evidence upon remand, including medical opinion evidence deemed relevant.

**B. Plaintiff's Symptom Claims [2]**

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted).

---

[2] Plaintiff raises a separate issue in her opening brief, namely, that "although the ALJ found [Plaintiff's] colitis severe (Tr. 20), he harmfully failed to properly consider her associated limitations in assessing the RFC." ECF No. 13 at 14. However, after reviewing Plaintiff's argument, the Court agrees with Defendant that "this issue ultimately challenges the ALJ's evaluation of [Plaintiff's] symptom complaints." ECF No. 14 at 2-3 n.1. As discussed herein, in light of the need to reconsider the medical opinion evidence, the ALJ should also reevaluate Plaintiff's symptom claims on remand.

"The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

In making an adverse credibility determination, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between her testimony and her conduct; (3) the claimant's

daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

Here, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible" for several reasons. Tr. 23.

First, the ALJ found Plaintiff's "alleged physical complaints and related limitations exceed the objective medical evidence of record." Tr. 23. An ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). However, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. § 404.1529(c)(2). Plaintiff argues the ALJ improperly found the objective evidence of record did not support her subjective testimony because she "had ample evidence of ongoing impairments," including "objective" findings of strongly

guaiac positive stool samples, anal fissure, blood in urine, and tender abdomen.[3] ECF No. 13 at 15-16.  However, the ALJ set out, in detail, the medical evidence contradicting Plaintiff's claims of disabling physical limitations, including:  an April 2013 CT scan that showed no clear signs of ulcerative colitis, Crohn's disease, or diverticulitis; October 2014 CT of abdomen/pelvis, images of the colon, and stool markers that did not confirm inflammatory diarrhea and found no evidence of celiac disease; August 2015 mucosal biopsies in the colon that showed no inflammatory changes to suggest colitis; normal gallbladder ultrasound and normal Lipase in July 2013; normal labs in August 2013; and physical exams

---

[3] Plaintiff additionally contends that the ALJ improperly rejected Plaintiff's testimony that she could have diarrhea up to 13 per day because "[t]here are no reports by [Plaintiff] to providers of frequency of diarrhea of 13 times a day."  ECF No. 13 at 15-16 (citing Tr. 23).  The Court agrees.  The record includes Plaintiff's reports that she had diarrhea 14 times per day, and up to 20 bowel movements per day, during the relevant adjudicatory period.  Tr. 499, 613.  However, any error by the ALJ in considering this evidence would be harmless because the ALJ offered substantial evidence in support of rejecting Plaintiff's symptom claims.  Moreover, as discussed above, this evidence will be reconsidered on remand.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 19

consistently showed normal strength, reflexes, and sensation in the upper and

lower extremities.  Tr. 23-24 (citing Tr. 356, 366, 376, 543, 555, 571-72).

Moreover, in contradiction to Plaintiff's claims of disabling mental

limitations, the ALJ noted that mental status examinations were mostly within

normal limits.  Tr. 26 (citing Tr. 364, 433, 501, 571-72).  For all of these reasons,

regardless of evidence that could be interpreted more favorably to the Plaintiff, the

ALJ properly relied on evidence supporting his finding that the degree of

impairment alleged by Plaintiff is not supported by the weight of the medical

evidence.  Tr. 23-25; *see Thomas*, 278 F.3d at 958-59 ("If the ALJ finds that the

claimant's testimony as to the severity of her pain and impairments is unreliable,

the ALJ must make a credibility determination . . . [t]he ALJ may consider

testimony from physicians and third parties concerning the nature, severity and

effect of the symptoms of which the claimant complains."); *Burch*, 400 F.3d at 679

("[W]here evidence is susceptible to more than one rational interpretation, it is the

[Commissioner's] conclusion that must be upheld.").  The lack of corroboration of

Plaintiff's claimed limitations by the objective medical evidence, was a clear and

convincing reason, supported by substantial evidence, for the ALJ to discount

Plaintiff's symptom claims.

Second, the ALJ found Plaintiff's activities of daily living "demonstrate that

she is more functional than alleged."  Tr. 25.  Plaintiff correctly notes that a

claimant need not be utterly incapacitated in order to be eligible for benefits.  ECF

No. 13 at 16 (citing *Fair*, 885 F.2d at 603); *see also Orn*, 495 F.3d at 639 ("the mere fact that a plaintiff has carried on certain activities . . . does not in any way detract from her credibility as to her overall disability."). Regardless, even where daily activities "suggest some difficulty functioning, they may be grounds for discrediting the [Plaintiff's] testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113. Plaintiff generally argues that the ALJ "failed to specify what about [Plaintiff's] minor activities is discrediting. Being able to do some personal care and household chores also does not contradict her testimony of limitations." ECF No. 13 at 17. However, the ALJ specifically noted that Plaintiff testified that she does not have a driver's license because people scare her; she does not like crowds and has trouble trusting and communicating with people; and she does not like being alone even though she does not like people. Tr. 25, 59, 74-78. Next, the ALJ cited evidence that indicates Plaintiff is more functional than she alleged. Tr. 25. For example, Plaintiff testified that she is "the primary caretaker for her daughter and responsible for her care" including picking out her clothes for the week, walking her to the bus stop, doing homework with her, watching movies, and doing art. Tr. 25, 63-71. Plaintiff's ability to care for children without help may undermine claims of totally disabling symptoms. *See Rollins*, 261 F.3d at 857. The ALJ further noted that in March 2014, Plaintiff reported no problems with personal care, caring for her daughter including preparing meals, doing dishes and laundry,

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 21

using public transportation including going out alone, and shopping in stores. Tr. 25, 210-13. And in May 2014, Plaintiff reported to Dr. Williams that she prepared three meals a day for her daughter, did laundry, vacuumed, managed her own funds, and was able to complete activities of daily living in a timely manner. Tr. 25, 388. As noted by Defendant, it was reasonable for the ALJ to infer that "Plaintiff's ability to take public transportation and shop in stores undermined her allegations of anxiety so severe that she had debilitating problems being around people." ECF No. 14 at 13 (citing Tr. 25, 74-75); *see Tommasetti v. Astrue,* 533 F.3d 1035, 1040 (9th Cir. 2008) (ALJ may draw inferences logically flowing from evidence). Moreover, regardless of evidence that could be considered more favorable to Plaintiff, the daily activities outlined above were reasonably considered by the ALJ as inconsistent with Plaintiff's complaints of *entirely* disabling limitations. *See Burch*, 400 F.3d at 679 (where evidence is susceptible to more than one interpretation, the ALJ's conclusion must be upheld); *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) ("[t]he ALJ is responsible for determining credibility"). This was a clear and convincing reason to discredit Plaintiff's symptom claims.

Third, the ALJ found Plaintiff's "lack of mental health treatment raises questions [as] to her allegations related to the severity of her mental health symptoms." Tr. 24. Unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment may be the basis for an

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 22

adverse credibility finding unless there is a showing of a good reason for the failure. *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). However, an ALJ "will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints." Social Security Ruling ("SSR") 16-3p at *8-*9 (March 16, 2016), *available at* 2016 WL 1119029.

Here, the ALJ noted that Plaintiff "denied" counseling since 1994 when she lost her father; had recently started treatment at the time of the hearing "but was only at the introduction stage of treatment"; was not on any medication for her mental health symptoms; and despite alleging disabling mental health symptoms of depression and anxiety since November 2013, Plaintiff did not seek treatment until September 2015, almost two years later. Tr. 24-25 (citing Tr. 40, 50, 55-56, 576-80). Plaintiff argues that the ALJ failed to consider Plaintiff's testimony that she did not pursue counseling because her trust was betrayed when a counselor in her youth spread her private information to others. ECF No. 13 at 18 (citing Tr. 40, 73). However, even assuming the ALJ erred in considering this explanation as to Plaintiff's failure to seek mental health treatment, any error would be harmless because the ALJ offered additional reasons, supported by substantial evidence, to reject Plaintiff's symptom claims. *See Carmickle*, 533 F.3d at 1162-63.

Fourth, and finally, the ALJ noted that in May 2014 Plaintiff reported to Dr. Williams that she was fired from a job because of a confrontation with another employee and her boss; but three months prior Plaintiff reported that she had never been fired or laid off from a job because of problems getting along with other people. Tr. 25 (citing Tr. 215, 386). Plaintiff generally argues that "[t]his matter is ultimately of little importance to the issue of disability, and it is otherwise insufficient to wholly discredit [Plaintiff]." ECF No. 13 at 19. However, the ALJ properly considered prior inconsistent statements by Plaintiff in evaluating her symptom claims. *See Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996).

Regardless, in light of the need to reconsider Dr. Williams' opinion, as discussed in detail above, the ALJ also should reconsider the credibility finding on remand. Whether a proper evaluation of the medical opinions can be reconciled with the ALJ's existing finding regarding Plaintiff's symptom claims is for the Commissioner to decide in the first instance.

**C. New Evidence**

Finally, Plaintiff argues the Appeals Council erred by failing to consider new medical evidence that pertained to the alleged period of disability, but was submitted after the ALJ's decision was issued. ECF No. 13 at 19-20. However, in light of the need to remand for the ALJ to reexamine the medical opinion evidence, it is unnecessary for the Court to address this challenge. On remand, the ALJ is

instructed to conduct a new sequential analysis after reconsidering the medical opinion evidence pertaining to the relevant adjudicatory period.

**REMEDY**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

Although Plaintiff requests a remand with a direction to award benefits, ECF No. 13 at 20, the Court finds that further administrative proceedings are

appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the ALJ failed to consider portions of the medical opinion evidence, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101.

Instead of awarding benefits, the Court remands this case for further proceedings. On remand, the ALJ must reconsider the medical opinion evidence, and provide legally sufficient reasons for evaluating all of the relevant limitations assessed in these opinions, supported by substantial evidence. If necessary, the ALJ should order additional consultative examinations and, if necessary, take additional testimony from medical experts. The ALJ should reconsider the credibility analysis, and the remaining steps in the sequential evaluation analysis. Finally, the ALJ should reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

ACCORDINGLY, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED, in part**.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 26

1    2.  This case is remanded for further proceedings as outlined above.

2    3.  Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

3    The District Court Executive is hereby directed to enter this Order and

4 provide copies to counsel, enter judgment in favor of the Plaintiff as outlined, and

5 **CLOSE** the file.

6    **DATED** October 12, 2018.

7

8              *s/ Rosanna Malouf Peterson*
            ROSANNA MALOUF PETERSON
              United States District Judge